UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



MARIA SALTOS, et al.,
Plaintiffs,

v.

ASPIRANET, et al.,
Defendants.

Case No. 25-cv-06324-JD

**ORDER RE TRANSFER**

This is a case that arises from the tragic drowning deaths of Hannah Gonzalez-Saltos and Mia Gonzalez-Saltos, who were children in the care of Tulare County's foster system at the time of their deaths. Their mother, Maria Saltos, and brother Andy Gonzalez-Saltos filed suit in this District against defendants Alberto Gonzalez Rios, the children's father who is named as a nominal defendant only; the non-profit corporation Aspiranet, which was working with Tulare County as a foster family agency; the County of Tulare; Tulare County social worker Cecelia Rodriguez; Tulare County sheriff Luke Hamilton; and foster parents Michael and Judith Yoakum. Dkt. No. 1 ¶¶ 6-15. Plaintiffs' claims include: (1) a claim under 42 U.S.C. § 1983 for the warrantless seizure of Maria Saltos's thirteen children from her "without judicial authorization, parental consent, and in the absence of exigent circumstances"; (2) a claim under 42 U.S.C. § 1983 for the failure to provide dependent minors with continued safety and security, minimally-adequate care and supervision, and intimate and familial association; (3) *Monell* claims against the County of Tulare and Aspiranet; (4) a claim under California Government Code § 815.6 against the County of Tulare for the failure to perform a mandatory duty; and (5) a negligence claim. *Id.* ¶¶ 81-176.

Defendant County of Tulare has requested a transfer to the Eastern District of California under 28 U.S.C. § 1404(a). Dkt. No. 20. The parties' familiarity with the record is assumed, and transfer is granted.

Under Section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has broad discretion in ruling on a motion to transfer. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). To obtain transfer, the "moving party must show that venue is proper in both the transferor and transferee districts." *Marshall v. Monster Beverage Corp.*, No. 14-cv-02203-JD, 2014 WL 3870290, at *2 (N.D. Cal. Aug. 6, 2014) (citation omitted). After that, the Court evaluates "both the convenience of the parties and various public-interest considerations," and decides whether, "on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 62-63 (2013) (quoting 28 U.S.C. § 1404(a)).

The "[f]actors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id*. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981)). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id*. (alterations in original). "The Court must also give some weight to the plaintiffs' choice of forum." *Id*. (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

To start, the parties agree that venue is appropriate in this District and in the Eastern District of California. *See* Dkt. Nos. 20, 35. For the Eastern District, both sides agree that the plaintiffs, the "County employees who detained Hannah, Mia, and Andy from Ms. Saltos," and the foster parents, Michael and Judith Yoakum, are all located there, and that the children's foster

placement and deaths occurred there. *See* Dkt. No. 35 at 2-3; Dkt. No. 20 at 2-3. For this District, both sides acknowledge that defendant Aspiranet has its headquarters here in San Francisco. *See* Dkt. No. 20 at 4; Dkt. No. 35 at 3. This is consequently a case that could have been brought in either district. *See* 28 U.S.C. § 1391(b) (venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

The relevant private and public interest factors establish that the case should be transferred. It is certainly true that plaintiffs should be afforded some leeway in choosing among proper venues. But plaintiffs' choice of forum is by no means dispositive, and their choice carries less weight where, as here, the plaintiffs do not reside in their chosen forum. *See Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998). The complaint allegations show that plaintiffs are themselves residents of Tulare County in the Eastern District of California, *see, e.g.*, Dkt. No. 1 ¶¶ 48, 56, 67, 72, and are not residents of this District.

The location of potential witnesses and documents does not favor keeping the case here. The overwhelming majority of the actions and decisions challenged in the complaint occurred in the Eastern District. The children were living with plaintiff Maria Saltos in Tulare County when they were taken from her custody by Tulare County employees. *See id.* ¶¶ 47-56. And plaintiff Andy Gonzalez-Saltos and decedents Hannah and Mia Gonzalez-Saltos were all placed in the foster family home of the Yoakums in Fresno, California, which is where Mia and Hannah drowned in the outdoor pool. *Id.* ¶¶ 67, 72-75.

The witnesses mentioned in the complaint -- the Yoakums' neighbor, as well as the unidentified individual, potentially their granddaughter, who jumped into the pool in an attempt to save the children, *id.* ¶¶ 77-78 -- will be residents of the Eastern District. The convenience of witnesses is "often considered to be the most important factor in deciding transfer questions," and this factor "is clearly better served by litigating this dispute in the [Eastern] District because the vast majority of [witnesses] are located there." *Marshall*, 2014 WL 3870290, at *3 (citation omitted).

The relevant documents will also be located in the Eastern District. As one example, the documents relating to the "child endangerment referral" that Tulare County received about the children while they were in plaintiff Maria Saltos's care, Dkt. No. 1 ¶ 47, will be in the Eastern District.

While it is true that defendant Aspiranet is headquartered in San Francisco, Aspiranet is not featured centrally in the complaint, and is not even named as a defendant in two of the five claims for relief. *See id*. ¶¶ 81-95 (first claim for relief for warrantless seizure); ¶¶ 149-63 (fourth claim for relief for failure to perform mandatory duty under Gov. Code § 815.6).

Overall, the parties' contacts with the forum and the contacts relating to the plaintiffs' causes of action are overwhelmingly with the Eastern District and not this District. *See Jones*, 211 F.3d at 498-99. And the Eastern District will also have a much greater local interest in this controversy. *See Atlantic Marine*, 571 U.S. at 62 n.6. Consequently, litigating this case in the Eastern District will best serve the convenience of the parties and witnesses, as well as the interest of justice. 28 U.S.C. § 1404(a).

The case is ordered transferred to the United States District Court for the Eastern District of California. The pending motions to dismiss, Dkt. Nos. 17, 45, are terminated without prejudice to renewal upon transfer.

**IT IS SO ORDERED.**

Dated: September 3, 2026

JAMES DONATO
United States District Judge